**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Benito Valenzuela, a single man, | No. CV-18-2013-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Regency Theaters aka Golin Theaters Inc.; and The Ainslie Company, | |
| Defendants. | |

Plaintiff Jorge Valenzuela has filed a motion for default judgment. Doc. 32. The motion will be denied without prejudice.

**I.   Background.**

On November 21, 2017, Plaintiff suffered injuries when the chair he was sitting in at Regency Theaters failed or malfunctioned. He brought negligence claims against Regency and the manufacturer, The Ainslie Company. Doc. 1-3. The claims against Ainslie were dismissed. Docs. 28, 30.

Regency has failed to answer or otherwise respond to the complaint. *See* Doc. 22. The Clerk entered Regency's default. Doc. 23. Plaintiff seeks default judgment against Regency pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. 32 at 1.

**II.   Default Judgment Under Rule 55(b)(2).**

After the clerk enters default, the district court may enter default judgment pursuant to Rule 55(b)(2). The court's "decision whether to enter a default judgment is a

1 | discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court it is not required to make detailed findings of fact in deciding whether default judgment is appropriate, *see Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), it should consider and weigh the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff addresses none of these factors in his motion. Nor has he otherwise shown that default judgment against Regency is appropriate. The motion therefore will be denied. Plaintiff shall have until **July 26, 2019** to file a proper motion for default judgment.

Plaintiff requests an evidentiary to establish damages. Doc. 32 at 1. Rule 55(b)(2) provides that the court "may conduct hearings" to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). "By its terms, [Rule] 55(b)(2) leaves the decision of whether a hearing is necessary to the discretion of the district court." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under [Rule] 55(b)(2)(B).").

Plaintiff requests a hearing because he seeks damages for physical injuries and pain and suffering rather than a "sum certain." Doc. 32 at 1. But "even in cases without a 'sum certain,' a formal court hearing is not required[.]" *Santiago v. Tamarack Tree Co.*, No. CV-06-1811-HU, 2007 WL 3171159, at *1 (D. Or. July 13, 2007). "A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Demello v. United States*, No. C16-5741, 2018 WL 3625339, at *1 (W.D. Wash. June 5, 2018) (citation omitted); *see Commodity Futures Trading Comm'n v. Jin Choi*, No. CV-18-3991-DMG-AFMx, 2019 WL 1250576, at *2 (C.D. Cal.

Mar. 5, 2019) (a court may rely only on the declarations submitted by the plaintiff in determining the amount of damages).

Plaintiff shall submit evidence of his claimed damages with the renewed motion for default judgment. The Court will determine whether an evidentiary hearing is needed after reviewing the motion and supporting evidence.

**IT IS ORDERED** that Plaintiff's motion for judgment by default and request for an evidentiary hearing (Doc. 32) is **denied**. Plaintiff shall file a renewed motion with supporting by evidence by **July 26, 2019**. The Clerk is directed to terminate this action without further order if Plaintiff fails to do so.

Dated this 27th day of June, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge