WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Benito Valenzuela, a single man, | No. CV-18-2013-PHX-DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| v. | |
| Regency Theater a/k/a Golin Theaters Inc., | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Jorge Valenzuela has filed a renewed motion for default judgment against Defendant Regency Theater, also known as Golin Theaters Inc. (hereinafter, "Regency").[1] Doc. 34. For the reasons stated below, default judgment is appropriate and will be entered.

**I.  Background.**

On November 21, 2017, Plaintiff suffered physical injuries when the chair in which he was sitting at a Regency Theater in Yuma, Arizona, malfunctioned. Plaintiff filed suit against Regency asserting various negligence claims. Doc. 1-3 at 3-8. He seeks compensatory damages for past and future medical care and pain and suffering. *Id.*

---

[1] Regency's true name appears to be "Regency Theatres of Arizona Inc." *See* Arizona Corporation Commission, https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=19698700 (last visited Nov. 1, 2019). Regency's directors are Andrew and Lyndon Golin. *See id.*

Regency was served with the summons and complaint, but has not appeared in this action. *See* Docs. 21, 22, 41-1. The Clerk entered Regency's default pursuant to Rule 55(a). Doc. 23. Plaintiff filed a motion for default judgment, which the Court denied without prejudice because Plaintiff failed to show that default judgment is appropriate. Docs. 32, 33. Plaintiff has filed a renewed motion for default judgment and evidence of his claimed damages. Docs. 34, 39. Regency has filed no response.

**II.  Default Judgment Under Rule 55(b)(2).**

After the clerk enters default, the district court may enter default judgment pursuant to Rule 55(b)(2). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court it is not required to make detailed findings of fact in deciding whether default judgment is appropriate, *see Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), it should consider the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**A.  Possible Prejudice to Plaintiff.**

The first *Eitel* factor weighs in favor of default judgment. Despite being served with process, Regency has not answered or otherwise responded to the complaint. If default judgment is not entered, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**B.  Merits of the Claims and Sufficiency of the Complaint.**

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standards. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Plaintiff alleges that he was a business invitee at the Regency Theater in Yuma on November 21, 2017, that the reclining chair he was sitting in suddenly collapsed causing

him personal injuries, and that Regency negligently maintained the chair and thereby breached the duty of care it owed to Plaintiff. Doc. 1-3 at 3-8; *see* Doc. 34-1 at 6-9. These allegations are sufficient to state a plausible negligence claim under Arizona law. *See Quiroz v. ALCOA Inc.*, 416 P.3d 824, 827-28 (Ariz. 2018) ("To establish a defendant's liability for a negligence claim, a plaintiff must prove: (1) a duty requiring the defendant to conform to a certain standard of care; (2) breach of that standard; (3) a causal connection between the breach and the resulting injury; and (4) actual damages.") (citing *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007)). The second and third factors favor default judgment.[2]

### C. Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiff seeks nearly $250,000 in alleged damages for past and future medical care and approximately $500,000 for pain and suffering. Doc. 34 at 4. Although the Court will not award all of the damages sought by Plaintiff, it appears that his injuries are real and substantial, were caused by Regency's negligent maintenance of the chair in which it knew guests would be sitting, and that the requested damages are not unreasonable. The fourth *Eitel* factor favors default judgment. *See Mayer v. Redix*, No. ED CV 12-515-DMG (E), 2014 WL 4258125, at *7 (C.D. Cal. Aug. 26, 2014) (explaining that "[d]efault judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct.").

### D. Possible Dispute Concerning Material Facts.

The fifth *Eitel* factor weighs in favor of default judgment. Given the sufficiency of the complaint and Regency's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

---

[2] Arizona substantive law applies to the negligence claims because the alleged tortious conduct occurred in Arizona and the Court has diversity jurisdiction over this action. *See* Doc. 1 at 2-3; *Kabatoff v. Safeco Ins. Co. of Am.*, 627 F.2d 207, 209 (9th Cir. 1980).

**E.     Whether Default Was Due to Excusable Neglect.**

Plaintiff has provided proof that he properly served process on Regency under Rule 4(e). *See* Docs. 21, 22, 41-1. It therefore is "unlikely that [Regency's] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). This factor weighs in favor of default judgment.

**F.     Policy Favoring a Decision on the Merits.**

As for the seventh factor, it is true that cases "should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, but the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," *PepsiCo, Inc.*, 238 F. Supp. at 1177. Regency's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5.

**G.     Conclusion.**

A clear majority of the *Eitel* factors favors default judgment. Considering the factors as a whole, the Court concludes that default judgment is appropriate.

**III.     Damages.**

The Court may not simply accept the amount of damages Plaintiff requests in granting default judgment. *See Geddes*, 559 F.2d at 560 ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Instead, "[t]here must be an evidentiary basis for the damages sought by [P]laintiff." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citations omitted). The Court "may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.*; *see Demello v. United States*, No. C16-5741, 2018 WL 3625339, at *1 (W.D. Wash. June 5, 2018) (same); *see also Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under [Rule] 55(b)(2)(B)."); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)

("By its terms, [Rule] 55(b)(2) leaves the decision of whether a hearing is necessary to the discretion of the district court."); *Santiago v. Tamarack Tree Co.*, No. CV-06-1811-HU, 2007 WL 3171159, at *1 (D. Or. July 13, 2007) ("[E]ven in cases without a 'sum certain,' a formal court hearing is not required[.]"); *Commodity Futures Trading Comm'n v. Jin Choi*, No. CV-18-3991-DMG-AFMx, 2019 WL 1250576, at *2 (C.D. Cal. Mar. 5, 2019) (the court may rely only on the declarations submitted by the plaintiff in determining the amount of damages).

Plaintiff presents a declaration and various medical records in support of his request for damages. Docs. 34-1, 39. Plaintiff states that while he was watching a movie at the Regency Theater in Yuma on November 21, 2017, his head, shoulder, and back hit the floor very hard when the chair in which he was sitting suddenly collapsed backwards. Doc. 34-1 at 6. He was transported by a City of Yuma ambulance to the Yuma Regional Medical Center where he received emergency medical care for a headache and neck, back, and shoulder pain. *Id.* at 7; Docs. 39, 39-1. He was discharged the next day. *See id.* Plaintiff incurred $14,750.91 in medical expenses for the ambulance transport and hospital care. *See* Doc. 39 at 3, 10-11; Doc. 39-2 at 8, 17-18.[3]

Plaintiff received further treatment for his injuries – lumbago with sciatica, radiculopathy, and myalgia – between December 2017 and February 2018. Doc. 39-2 at 18-19. This treatment cost a total of $1,309.04. Doc. 39-2 at 18-19.[4]

In May 2018, Plaintiff had magnetic resonance imaging ("MRI") of his right shoulder and was diagnosed with a torn labrum due to the incident at the theater. *Id.* at 10. The MRI cost $2,638.96. Plaintiff had surgery to repair the torn labrum in October 2018, which cost $64,280.00. Doc. 37-3 at 2-7.

---

[3] This total amount includes the following expenses: $1,158.86 (City of Yuma); $447.00 (Medical Diagnostic Imaging Group); $645.00 (Dr. Waite); and $12,500.05 (Yuma Regional Medical Center). *See id.*

[4] This amount includes: $205.00 (Yuma Regional Medical Center); $500.00 (Yuma Valley Ambulatory Pain); $118.00 (Dr. Caguin); $355.92 (Dr. Curry); $130.12 (Dr. Koschorke). *See id.*

In March 2019, Dr. Kai-Uwe Lewandrowski with the Center for Advanced Spine Care of Southern Arizona recommended that Plaintiff undergo neck surgery (a bilateral C5/C6 laminoforaminotomy with rhizotomy) to help treat cervical radiculopathy and acute disc herniations caused by the theater incident. *Id.* at 10-14. The surgery is estimated to cost $140,142.75. *Id.* at 9.

Plaintiff's total damages for past and future medical care are $220,482.70. The Court will include this amount in the default judgment.[5]

Based on his declaration and medical records, the Court finds that Plaintiff has experienced considerable pain and suffering as a result of Regency's negligence. He likely will experience additional discomfort while recovering from the recommended neck surgery. In the exercise of its discretion, *see Aldabe*, 616 F.2d at 1092, the Court will award Plaintiff $100,000 in pain and suffering damages.

**IT IS ORDERED:**

1. Plaintiff's renewed motion for default judgment (Doc. 34) is **granted**.
2. Default judgment is entered in favor of Plaintiff and against Defendant Regency Theaters (aka Golin Theaters Inc.) in the amount of **$320,482.70**.
3. The Clerk of Court is directed to terminate this action.

Dated this 5th day of November, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge

---

[5] Plaintiff asserts that he has incurred $34,698.87 in medical expenses not including the cost of the shoulder surgery (Doc. 34-1 at 8), but does not explain the basis for this amount or provide an itemized breakdown of expenses.